# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CRIMINAL ACTION NO. 3:98-CR-107-CRS |
| RONALD T. BOLDEN | DEFENDANT |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a *pro se* motion by Defendant Ronald T. Bolden to reduce his sentence pursuant to either 18 U.S.C. § 3582(c)(1)(A)(i) or Fed. Rule Civ. P. 60(b) (DN 174). For the following reasons, Bolden's motion will be denied.

In 1998, Bolden was involved in three separate bank robberies in the Louisville area. In April 1999, Bolden pleaded guilty to one count of conspiracy to commit armed bank robbery, one count of armed bank robbery, and one count of using a firearm during a bank robbery. In July 1999, Bolden pleaded guilty to two counts of armed bank robbery and to using a firearm during one of those robberies. Bolden was sentenced to a total of 378 months of imprisonment, and the court's final judgment of sentence was entered on January 27, 2000. On July 25, 2001, the Sixth Circuit affirmed Bolden's sentence. *United States v. Bolden*, 15 F. App'x 313 (6th Cir. 2001) (unpublished). Bolden then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in 2002. This motion was denied by the Court on May 12, 2003 (DN 155). In 2009, Bolden filed a motion in the Sixth Circuit seeking authorization for this Court to consider a second or successive motion to vacate. The Sixth Circuit denied this motion on April 22, 2009 (DN 163).

In the motion now before the Court, Bolden asks the Court to grant him relief in light of the United States Supreme Court decision in *Dean v. United States*, 137 S. Ct. 1170 (2017), or

the Eastern District of New York decision in *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). In *Dean*, the Supreme Court held that nothing in the statute setting mandatory minimum sentences for using or possessing a firearm in connection with a violent or drug trafficking crime (18 U.S.C. § 924(c)) restricts the authority of sentencing judges to consider a sentence imposed under the mandatory minimum statute when calculating a fair sentence for the predicate count.

In *Holloway*, after the denial of a § 2255 motion, the defendant filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Upon request from the district court to remedy what the court perceived as an excessive sentence, the government in *Holloway* ultimately did not oppose granting the underlying § 2255 motion for the purpose of vesting the Court with the authority to vacate two of Holloway's § 924(c) convictions and re-impose a sentence on such basis.

In his motion, Bolden includes a portion of the transcript from his sentencing in which the Hon. Judge Edward H. Johnstone stated:

> You know when you say this that a judge is governed by these guidelines, and there's little I can to do to reduce the sentence the guidelines impose . . . That's a total sentence of 36 years, and one hope that you may have is that Congress wakes up and sees that young people can be foolish and get over that foolishness in a hurry. Under these circumstances, that will probably be the best channel for your relief. There's no discretion in the judge's hands.

(DN 174, p. 4).

Bolden further writes that he was 18 years old when he committed the above-mentioned crimes and that he is now a 37-year-old man who has earned his G.E.D., an Associate's Degree in Applied Science from Somerset Community College, and diplomas in Biblical studies and

construction carpentry. He concludes his motion by "beg[ging] leave of this most Honorable Court . . . to take full advantage of the Supreme Court decision" to reduce his sentence.

In its response to Defendant's motion, the United States argues that the Court does not have jurisdiction to entertain this motion under either 18 U.S.C. § 3582(c)(1)(A)(i) or Rule 60(b). The Court agrees. A district court "does not have inherent power to resentence defendants at any time." *United States v. Martin*, 913 F.2d 1172, 1174 (6th Cir. 1990) (quoting *United States v. Minor*, 846 F.2d 1184, 1187 (9th Cir. 1988)). "As 'courts of limited jurisdiction,' federal courts 'possess only that power authorized by Constitution and statute' and may not expand that power 'by judicial decree.'" *United States v. Lucido*, 612 F.3d 871, 873 (6th Cir. 2010) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Bolden, as the party claiming that this Court does possess jurisdiction, "bears the burden of demonstrating that jurisdictional prerequisites have been met." *United States v. Streck*, 62 F. App'x 575, 577 (6th Cir. 2003) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir. 1990)).

Bolden first seeks relief under *Dean* and *Holloway* pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). However, this specific statutory provision provides as follows: "The court may not modify a term of imprisonment once it has been imposed except that – in any case – the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . . if it finds that – extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Thus, this statutory provision does not provide the Court with jurisdiction because Bolden, and not the Director of the Bureau of Prisons, made the instant motion. The Court also notes that § 3582(c)(1)(B) does not apply because neither another statute nor Federal Rule of Criminal Procedure 35 permits the type of sentence modification

3

Bolden seeks. And, because Bolden is not moving for a reduction in sentence based upon a change in the sentencing guidelines, § 3582(c)(2) is also inapplicable.

Bolden also seems to seek direct relief from his sentence in light of these cases under Fed. R. Civ. P. 60(b). However, "Rule 60(b) applies to civil proceedings, proceedings authorized under Rule 81, and habeas proceedings, which are civil in nature." *United States v. Gibson*, 424 F. App'x 461,464 (6th Cir. 2017). "'Rule 60(b) is not applicable to criminal proceedings,' and may not be used to disturb a criminal sentence or conviction." *Id*. (quoting *United States v. Diaz*, 79 F. App'x 151, 152 (6th Cir. 2003)).

Finally, it appears that Bolden may seek relief under Rule 60(b) in the manner that the defendant in *Holloway* sought such relief. Unlike the defendant in *Holloway*, however, Bolden cannot use Rule 60(b) to challenge the Court's prior dismissal of his § 2255 motion. This is because Bolden seeks relief in light of what he contends is the new law set forth in *Dean* and possibly *Holloway*. *See, e.g.*, *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (holding that a motion under Rule 60(b) that seeks to assert a new substantive claim for habeas relief is actually a successive petition for which prior authorization is required); *McComb v. United States*, No. 2:04-CR-114, 2015 U.S. Dist. LEXIS 190755 (S.D. Ohio July 8, 2015) (denying the defendant's attempt to use Rule 60(b) to challenge the denial of his § 2255 motion in light of *Holloway* because defendant was actually seeking to assert a new substantive claim for relief which must be brought pursuant to a new § 2255).

Thus, at this point, it appears that the only way that Bolden can challenge his sentence is by filing a new motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Because the record reflects that Bolden has already filed a § 2255 motion, should he decide to seek relief under § 2255 in light of *Dean* and/or *Holloway*, he must file a motion in the Sixth Circuit seeking

authorization for the district court to consider a second or successive § 2255 motion to vacate his sentence. *See* 28 U.S.C. § 2244(b)(3).

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) or Fed. Rule Civ. P. 60(b) (DN 174) is **DENIED**.

Date: October 30, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Defendant Ronald T. Bolden, *pro se*
     U.S. Attorney
4411.011